In the Matter of John M. Keesing, an Attorney, Respondent.

First Department, November 15, 1935.

*Charles J. Lane* of counsel [*Einar Chrystie*, attorney], for the petitioner.

Respondent in person.

Martin, P. J. The Association of the Bar of the City of New York has requested this court to take appropriate action upon the

report of an official referee finding the respondent, John M. Keesing, guilty of professional misconduct. He was admitted to the bar at a term of the Appellate Division of the Supreme Court, First Department, in the State of New York, on November 14, 1932.

In August, 1934, the respondent was retained by Mrs. Celia Camarda on behalf of her father, Dione Battaglia, to procure a license to sell liquor at premises No. 732 Third avenue, New York city. On October 1, 1934, the respondent received from his client a cashier's check in the sum of eight hundred twenty dollars for that purpose. On the same day the respondent deposited the check in question to his personal account in the Amalgamated Bank. The respondent thereafter made withdrawals from his account, so that on October sixteenth it was overdrawn. His deposit was subsequently increased, however, and on November ninth he had a check certified for eight hundred dollars with which to make a tender to the board for the license. He was unable to obtain such a license and on November thirteenth redeposited the check in his account and thereafter made withdrawals, so that his balance on November twenty-eighth was forty-five dollars and fifty-four cents. In the interim respondent repaid to his client, without demand, five hundred dollars which he had received on account of his fee.

Demand was thereafter made upon him for the return of the aforesaid eight hundred twenty dollars. Pursuant thereto the respondent gave his check, dated December 10, 1934, for eight hundred twenty dollars, which was returned for insufficient funds. On January 7, 1935, he gave another check which also was returned for the same reason. It was not until after a complaint had been made to the grievance committee that the respondent paid the eight hundred twenty dollars, which was done in two installments, the first on February 6, 1935, for four hundred fifty dollars, and the balance on February 11, 1935.

The respondent claims that he requested permission of his client to use the money pending the receipt by him of an expected fee. This statement finds corroboration, to the extent at least of the expected fee, in the fact that the respondent did receive such a fee and immediately thereafter drew a check to the order of the Commission and had the same certified. Application for a permit having been rejected, the respondent immediately thereafter so informed his client on November thirteenth, and at that time requested and was granted permission to use the money upon his promise to return it to his client upon demand. This is unequivocally corroborated by the testimony of both Mrs. Camarda and of her father. That the respondent had permission to use the money in the first instance also finds some corroboration in the testimony of Mr. Battaglia. The testimony of the latter, because of his poor command of the English language, is indefinite and was

rejected by the referee upon the assumption that he was endeavoring to help the respondent.

Upon this record, it is obvious that the respondent had no intention of converting the money. It is clear that the client of the respondent had no objection to its use during such time as he did not need it, and the probabilities are that the respondent was granted leave to use the money in the first instance. Assuming, however, that there was a technical conversion prior to November ninth, when the aforesaid certified check was drawn to the order of the Commission, the money was restored before there was any demand therefor, and thereafter the respondent was expressly authorized to use it.

The respondent upon this motion concedes that his relations with his client were not above criticism, but urges that there was no intention to defraud, and in this he is sustained by the record. Respondent is to be censured for inducing his client to permit him to use the money on his promise to return it on demand, knowing that he might not be in a position to return it when demanded.

The respondent accordingly is censured.

O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Respondent censured.